IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JOSE CRUZ GOMEZ,

      Plaintiff,

v.

COFFEE COUNTY JAIL and
MEDICAL DEPARTMENT at
the Coffee County Jail,

      Defendants.

CIVIL ACTION NO.: CV510-044

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently housed at Dodge State Prison in Chester, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 complaining about certain conditions of his confinement while he was housed at the Coffee County Jail in Douglas, Georgia. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a pro se litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that he was arrested on July 17, 2006, and was taken to the Coffee County Jail. Plaintiff asserts that he became sick, was bleeding from his rectum, and had blood in his stool. Plaintiff also asserts that he placed sick call requests, but he never received medical treatment while he was housed at the Coffee County Jail. Plaintiff alleges that he was transferred to Jackson, Georgia, in May 2007, and he learned he had colon cancer.

The statute of limitations period for section 1983 complaints "is typically determined according to the state law period for personal injury torts." Williams v. Barrett, 287 F. App'x 768, 770 (11th Cir. 2008) (citing City of Rancho Palos Verdes, Cal.

v. Abrams, 544 U.S. 113, 123 n.3 (2005)). Plaintiff's claims stem from events which allegedly occurred in Georgia, and, in Georgia, the applicable statute of limitations period is two (2) years. O.C.G.A. § 9-3-33. "The limitations period begins to run when the cause of action accrues, and this is a question of federal law. Generally, a cause of action accrues when the plaintiff knows or has reason to know (1) that he was injured, and (2) who inflicted the injury." Johnson, No. 09-13580, 2010 WL 663292, at *2 (11th Cir. Feb. 25, 2010) (citing Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996)).

Plaintiff knew his condition in May 2007 at the latest. Plaintiff should have filed his cause of action before June 2009, for his Complaint to be considered timely filed. As Plaintiff did not file his Complaint until May 10, 2010, his Complaint should be dismissed as being untimely filed.

## CONCLUSION

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under 42 U.S.C. § 1983. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b).

SO **REPORTED** and **RECOMMENDED**, this 28th day of June, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)